*In re* CASTRO JIMÉNEZ.

*Número:* 4881        *Resuelto:* 30 de marzo de 1993

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías*, promovente.

PER CURIAM: El pasado 31 de agosto de 1992 decretamos la suspensión indefinida de varios abogados que adeudaban el pago de la prima por concepto de fianza notarial y que habían ignorado nuestros requerimientos en relación con este pago. Entre estos abogados se incluyó al Lic. Jorge E. Castro Jiménez. Posteriormente, el abogado compareció y el 11 de septiembre de 1992 fue reinstalado únicamente como abogado.

En cuanto a la notaría, la misma quedó sujeta a los resultados de la inspección de su obra notarial realizada por la Oficina del Director de Inspección de Notarías. En septiembre de 1992 el Director de la Oficina de Inspección de Notarías nos informó que un examen de la obra notarial

reveló que durante 1992 el licenciado Castro Jiménez solamente había sometido el índice notarial correspondiente al mes de junio.

Enterado de esta irregularidad, el pasado 9 de octubre de 1992 emitimos una resolución mediante la cual le concedimos al abogado Jorge E. Castro Jiménez un término de treinta (30) días para someter al Director de la Oficina de Inspección de Notarías los índices notariales que faltaban de 1992, bajo apercibimiento de que de incumplir con esta orden podría ser sancionado como abogado. El 29 de diciembre de 1992 recibimos una comunicación del Director de la Oficina de Inspección de Notarías, en la cual reiteró que el abogado no había sometido los índices notariales requeridos. En su escrito también expuso que el notario había autorizado unos afidávit durante el año.

Posteriormente, emitimos otra resolución en la cual le concedimos un término adicional de treinta (30) días al abogado para que sometiera los índices notariales correspondientes. Nuevamente se le apercibió que "de no dar cumplimiento a la misma podrá ser separado del ejercicio de la profesión legal, sin ulterior trámite". Resolución de 15 de enero de 1993. A través de la Oficina del Alguacil General fue notificado personalmente.

Transcurrido este término no hemos tenido noticia alguna del licenciado Castro Jiménez. Al igual que en agosto de 1992, ha ignorado nuestros requerimientos con una actitud de total menosprecio al cumplimiento de los requisitos de la abogacía. Véase *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992). Evidentemente, el licenciado Castro Jiménez no tiene interés alguno en continuar ejerciendo la abogacía y la notaría en nuestro país.

En estas circunstancias, procede que decretemos su suspensión indefinida de la abogacía hasta que este Tribunal disponga lo contrario. Véanse: *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992); *In re Santiago Méndez*, 129 D.P.R. 696 (1991).

*Se dictará sentencia de conformidad.*